UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILDEARTH GUARDIANS,<br><br>        Plaintiff,<br><br>v.<br><br>KEN SALAZAR, Secretary of the Interior sued in his official capacity,<br><br>        Defendant | Case No. 6:09-cv-00331-MCA-RLP<br><br>**STIPULATED SETTLEMENT AGREEMENT AND PROPOSED ORDER** |

This Settlement Agreement ("Agreement") is entered into by and between Plaintiff WildEarth Guardians ("WEG" or "Plaintiff") and Defendant Ken Salazar, in his capacity as Secretary of the United States Department of the Interior ("Interior" or "Defendant"). Plaintiff and Defendant (referred to as "Parties" or "Party," as appropriate, for purposes of the Agreement), by and through their undersigned counsel, state as follows:

WHEREAS, on October 15, 2008, Interior received four (4) petitions from WEG respectively requesting that Interior list the Chihuahua Scurfpea (*Pediomelum pentaphyllum*) ("Scurfpea"), Wright's Marsh Thistle (*Cirsium wrightii*) ("Thistle"), Jemez Mountains Salamander (*Plethodon neomexicanus*) ("Salamander"), and White-sided Jackrabbit (*Lepus callotis*) ("Jackrabbit") as endangered or threatened under the Endangered Species Act, 16 U.S.C. § 1531 *et seq*. ("ESA");

WHEREAS, on April 3, 2009, WEG filed a Complaint for declaratory and injunctive relief, challenging Interior's failure to make 90-day findings on WEG's petition to list the Scurfpea, Thistle, Salamander, and Jackrabbit and publish such findings on these four species in response to WEG's petitions, as required by 16 U.S.C. § 1533(b)(3)(A);

WHEREAS, Plaintiff and Defendant, through their authorized representatives and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them;

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN PLAINTIFF AND DEFENDANT AS FOLLOWS:

1. On or before July 19, 2009, Interior, acting by and through the Fish and Wildlife Service, shall submit to the Federal Register for publication a 90-day finding as to whether the petition to list the Jackrabbit presents substantial scientific or commercial information indicating that the petitioned action may be warranted, pursuant to 16 U.S.C. § 1533(b)(3)(A).

2. On or before August 6, 2009, Interior, acting by and through the Fish and Wildlife Service, shall submit to the Federal Register for publication a 90-day finding as to whether the petition to list the Salamander presents substantial scientific or commercial information indicating that the petitioned action may be warranted, pursuant to 16 U.S.C. § 1533(b)(3)(A).

3. On or before September 18, 2009, Interior, acting by and through the Fish and Wildlife Service, shall submit to the Federal Register for publication a 90-day finding as to whether the petition to list the Thistle presents substantial scientific or commercial information indicating that the petitioned action may be warranted, pursuant to 16 U.S.C. § 1533(b)(3)(A).

4. The Parties have previously executed a stipulated settlement agreement regarding the Scurfpea, entered as an order of the United States District Court for the District of Columbia in case number 08-cv-472-CKK, <u>WildEarth Guardians v Salazar</u>, filed on March 13, 2009

(docket # 24).

The Parties will abide by the terms and conditions of that separate agreement and court order with regard to WEG's claims arising from its petitions to list the Scurfpea, and this Agreement does not affect, control, or modify the parties' rights, obligations, and remedies under that separate agreement and court order.

     5.     The Parties may seek to modify the deadlines specified in Paragraphs One, Two, or Three for good cause shown, consistent with the Federal Rules of Civil Procedure. In that event, or in the event that either of the Parties believes that the other Party has failed to comply with any term or condition of this Agreement, that Party shall use the dispute resolution procedures specified in Paragraph Six below.

     6.     The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties with the Court. In the event that either of the Parties seeks to modify the terms of this Agreement, including the deadlines for the actions specified in Paragraphs One, Two, or Three, or in the event of a dispute between the Parties arising out of or relating to this Agreement, or in the event that either of the Parties believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute or seeking enforcement shall provide the other Party with notice of the claim. The Parties agree that they will meet and confer (either telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.

     7.     This Agreement only requires the Defendant to take action by the deadlines

specified in Paragraph One, Two, and Three and does not limit the Defendant's authority with regard to the substantive outcome of any determinations. To challenge any petition finding issued in accordance with this Agreement, Plaintiff must file a separate action. Plaintiff does not waive its ability to challenge substantive decisions made by the Defendant pursuant to Paragraph One, Two, or Three above, and Defendant does not waive any applicable claims or defenses.

8. No Party shall use this Agreement or the terms herein as evidence of what does or does not constitute a reasonable time line for making a determination pursuant to section four (4) of the ESA, 16 U.S.C. § 1533, in any other proceeding regarding the Defendant's implementation of the ESA.

9. Defendant agrees to settle all of Plaintiff's claims for costs and attorneys' fees in this matter for a total of $5,418.21. Payment will be made payable in that amount in the form of a check made out to WildEarth Guardians, care of Lori Colt, sent via postal mail to 312 Montezuma Ave, Santa Fe, NM 87501. Defendant agrees to submit all necessary paperwork for the processing of the attorneys' fee award to the United States Department of Treasury's Judgment Fund Branch, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this Agreement.

10. Plaintiff agrees to accept payment of the amount specified in Paragraph Nine in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, through and including the date of this Agreement. Plaintiff agrees that receipt of this payment from Defendant shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

11. The Parties agree that Plaintiff reserves the right to seek additional fees and costs

incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph One, Two, or Three or for any other continuation of this action.  By this Agreement, Defendant does not waive any right to contest fees or costs claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation or continuation of the present action.  Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

12.   No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Defendant by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

13.   Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Defendant obligate to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law.

14.   The Parties agree that this Agreement was negotiated in good faith, and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the Parties.  Except as herein provided, by entering into this Agreement the Parties do not waive any claim or defense.

15.   The undersigned representatives of each Party certify that they are fully

authorized by the Party or Parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein. The terms of this Agreement constitute the entire agreement of the Parties with regard to Plaintiff's claims in the above-captioned case, and no statement, agreement or understanding, oral or written, which is not contained herein, shall be recognized or enforced.

16. None of the provisions or obligations of this Settlement Agreement shall become binding and effective unless and until the Court enters an Order approving the terms of this Settlement Agreement. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

17. Upon approval of this Agreement by the Court, all counts of Plaintiff's complaint shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994).

Respectfully submitted,

Dated: August 6, 2009

By: */s/ Samantha Ruscavage- Barz*
SAMANTHA RUSCAVAGE-BARZ
17 Orno Creek Road
Placitas, NM 87043
(505) 750-1598
Samantha.RuscavageBarz@gmail.com

MELISSA HAILEY
WildEarth Guardians
1536 Wynkoop Street, Suite 301
Denver, CO 80202
(505) 988-9126 x1159
mhailey@wildearthguardians.org

Attorneys for Plaintiff

                                              JOHN C. CRUDEN
                                              Acting Assistant Attorney General
                                              Environment and Natural Resources Division

Dated:  August 6, 2009                By: */s/ John H. Martin*
                                              JOHN H. MARTIN, Trial Attorney
                                              JEAN E. WILLIAMS, Chief
                                              LISA L. RUSSELL, Assistant Chief
                                              U.S. Department of Justice
                                              Environment and Natural Resources Division
                                              Wildlife and Marine Resources Section
                                              1961 Stout Street, 8th Floor
                                              Denver, CO 80294
                                              Phone: (303) 844-1383
                                              Fax: (303) 844-1350
                                              Email: john.h.martin@usdoj.gov

                                              GREGORY J. FOURATT
                                              United States Attorney
                                              RAYMOND HAMILTON
                                              Assistant U.S. Attorney
                                              P.O. Box 607
                                              Albuquerque, NM 87103
                                              Phone: (505) 346-7274

                                              OF COUNSEL:
                                              Janet Spaulding
                                              Office of the Solicitor
                                              United States Department of the Interior
                                              Tulsa, OK 74145

                                              Attorneys for Federal Defendant

## **PROPOSED ORDER**

The terms and conditions of this Stipulated Settlement Agreement are hereby adopted as an enforceable ORDER of this Court, and this matter is hereby DISMISSED with prejudice.

Dated: this _____ day of _____, 2009.

_____
United States District Judge

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July 2009, I filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Melissa Hailey**
WildEarth Guardians
mhailey@wildearthguardians.org

<u>s/ Samantha Ruscavage-Barz</u>
Attorney for Plaintiff